# Weisberg Law, P.C.
## also t/a Consumer Justice Alliance
*Attorneys at Law*

**7 South Morton Avenue**
**Morton, Pennsylvania 19070**
**Ph: 610.690.0801**
**Fax: 610.690.0880**

Philadelphia County, Pennsylvania
1500 Walnut St., Ste. 1100
Philadelphia, PA 19102

Camden County, New Jersey
Two Aquarium Dr., Ste. 200
Camden, NJ 08103

*Matthew B. Weisberg*\*^
Graham F. Baird^
Robert P. Cocco~+

\*NJ & PA Office Manager
^Licensed in PA & NJ
~Licensed in PA
+Of Counsel

Web-Site: **www.weisberglawoffices.com**
E-Mail: mweisberg@weisberglawoffices.com

*Wednesday, April 06, 2011*

**Via Fax (267) 299-5061 & ECF**
Magistrate Judge Elizabeth T. Hey

    RE:    Jerry Davis v. Lowes Companies, Inc.
             No.: 09-5367

Your Honor:

    Kindly accept this, plaintiff's request for a teleconference regarding a discovery dispute whereat we will request this Honorable Court enter an order compelling defendant, Due Blades' production of the subject product within the Eastern District of Pennsylvania (or, alternatively, defendant's admission that the product previously produced does not differ with regards to the mechanism of injury as to the subject product):

    As this Honorable Court may be aware (via Your Honor's granting a discovery deadline enlargement), at plaintiff's deposition the product there produced was identified by plaintiff as similar though not the specific product causing his injury.  Since then, plaintiff has requested above defendant produce the subject product within the Eastern District of Pennsylvania (or, alternatively, admit that the product complained of does not materially differ from the aforesaid product produced).  Defendant has not responded to plaintiff's requests.  Instead, defendant has apparently subpoenaed for inspection the subject product well outside this jurisdiction (via a believed irregular subpoena).

    Simply, plaintiff does not understand why the manufacturer of a product – defendant – cannot produce its own product within the Eastern District (or admit the foregoing, mooting the necessity for a second inspection).  Said defendant has opposed co-defendant's pending motion for summary judgment essentially claiming discovery is not complete but, frankly, does not appear endeavoring towards that end.

      Thank you for this Honorable Court's request for a brief teleconference regarding this discovery dispute. While defendant has not been forthcoming, plaintiff believes Your Honor's intervention would enable this dispute to be resolved without unnecessary discovery litigation.

                                        Respectfully submitted

                                        WEISBERG LAW, P.C.

                                        /s/ Matthew B. Weisberg
                                        Matthew B. Weisberg, Esquire
                                        Attorney for Plaintiff

MBW/hcm
cc:    Daniel D. Krebbs, Esq.
        Ronald Reitz, Esq.
        Donald M. Davis, Esq.
         (Via ECF)