# Weisberg Law, P.C.
## also t/a Consumer Justice Alliance
*Attorneys at Law*

**7 South Morton Avenue**
**Morton, Pennsylvania 19070**
**Ph: 610.690.0801**
**Fax: 610.690.0880**

Philadelphia County, Pennsylvania
1500 Walnut St., Ste. 1100
Philadelphia, PA 19102

Camden County, New Jersey
Two Aquarium Dr., Ste. 200
Camden, NJ 08103

*Matthew B. Weisberg*\*^
Graham F. Baird^
Robert P. Cocco~+

\*NJ & PA Office Manager
^Licensed in PA & NJ
~Licensed in PA
+Of Counsel

Web-Site:  **www.weisberglawoffices.com**
**E-Mail**: mweisberg@weisberglawoffices.com

*Tuesday, May 17, 2011*

**Via Fax (267) 299-5061 & ECF**
Magistrate Judge Elizabeth T. Hey

     RE:    <u>Jerry Davis v. Lowes Companies, Inc.</u>
             No.: 09-5367

Your Honor:

    Plaintiff requests a teleconference with this Honorable Court to resolve an ongoing discovery dispute of which Your Honor has already been made aware, in part.

    As the Court may recall, the Court previously convened a teleconference with all parties at the request of plaintiff therein inquiring as to defendant, Due Blades – manufacturer's production of an exemplar of the subject product within this district for all parties' (especially plaintiff's) examination in this product liability matter.  At that conference, said defendant agreed to produce that exemplar within a brief period of time (ten days or so).  Much time has elapsed since that conference, and, despite plaintiff's urgings, that product has not been produced by defendant.

    In lieu of that exemplar, however, defendant has located the actual product which defendant advises is available for production within this district.  However, just like the exemplar, defendant has not coordinated that production.

    Like this product issue, defendant has not agreed to a date certain to produce its product manufacturer witness for timely deposition.  Defendant has <u>tentatively</u> agreed to produce that witness for deposition ironically *subsequent* to plaintiff's anticipated response deadline to defendant's Motion for Summary Judgment.  When plaintiff (attempting to accommodate)

inquired as to defendant's agreement for plaintiff's enlarged response deadline to its anticipated motion (subject to this Honorable Court's leave), defendant did not respond.

In all, defendant, Due Blades, portends cooperation (leading to plaintiff withdrawing any request for an order at our last teleconference on, in part, the same issues) but is, in actuality, not cooperative (and, in fact, largely non-responsive). To date, defendant has opposed Lowe's Motion for Summary Judgment claiming that motion premature vis-à-vis discovery but then has not yet produced discovery nor propounded evidence so to counter that motion nor support its response's allegations. Due Blades has not produced the exemplar despite its promises nor coordinated the subject product's transfer to this district despite the current holder of the product's willingness towards same. Due Blades has only tentatively offered its witness' deposition but has not confirmed that date certain nor has it agreed towards a stipulation vis-à-vis summary judgment response so to accommodate Due Blades' schedule. Due Blades has made representations, assurances, and communications to the parties and this Honorable Court, but has not complied (and when specific compliance is sought, Due Blades "disappears").

Unfortunately, plaintiff has relied on Due Blades' assertions to plaintiff's now prejudice. Unlike our prior teleconference where plaintiff withdrew his request for entry of an Order, plaintiff respectfully suggests that Order now appropriate.

Thank you for this Honorable Court's consideration of this, plaintiff's request for a teleconference.

                WEISBERG LAW, P.C.

                /s/ Matthew B. Weisberg
                Matthew B. Weisberg, Esquire
                Attorney for Plaintiff

P.S. Since Dictation: Counsel has learned Plaintiff is now incarcerated. In light of the above dispute and now this unexpectance, Plaintiff, in addition to the compel/enlargement Order above-discussed, requests this matter be placed in suspense.

MBW/hcm
cc:    Daniel D. Krebbs, Esq.
       Ronald Reitz, Esq.
       Donald M. Davis, Esq.
        (Via ECF)