IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERRY DAVIS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LOWE'S HOME CENTERS, INC., et al. | : | NO. 09-5367 |

## MEMORANDUM AND ORDER

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE[1]                              September 1, 2011

In this products liability action, Plaintiff seeks damages for injuries he sustained when his right hand was pulled into a gas canister vacuum/portable dust collection system manufactured by Joe Due Blades and Equipment Inc. ("Due Blades"). See Doc. 42 ¶ 11. At the time of the accident, Plaintiff was working for a company called Perfect Polish, which had been contracted by Lowe's Home Centers Inc. ("Lowe's") to do work in its Langhorne, Pennsylvania store. Id. Lowe's has filed a motion for summary judgment on the claims asserted by Plaintiff and the cross-claims asserted by Due Blades. See Doc. 52. Plaintiff has filed a stipulation of dismissal of the claims it has asserted against Lowe's, leaving only the cross-claims asserted by Due Blades. Due Blades has not opposed Lowe's motion. After reviewing the motion and exhibits, I conclude that Lowe's is entitled to judgment as a matter of law. Therefore, I will grant Lowe's motion.

---

[1]This case was originally assigned to the Honorable William H. Yohn, who referred the matter to me for all proceedings upon the consent of the parties. See Doc. 7.

I.      **FACTS AND PROCEDURAL BACKGROUND**

The facts are taken from the Second Amended Complaint (Doc. 42), Plaintiff's deposition (attached to Doc. 80 at Exh. A), and the exhibits attached to Lowe's motion (Doc. 52). On January 25, 2009, Plaintiff was working on a crew contracted through Perfect Polish to repair concrete floor joints in the Lowe's store in Langhorne, and injured his hand when he attempted to replace a port cover on the vacuum he was using. See Doc. 42 ¶ 11, Davis Dep. at 9, 18-19. The saw was manufactured by Due Blades and supplied to the crew of workers by Perfect Polish. See Doc. 42 ¶ 11; Davis Dep. at 18, 23.

Lowe's was named as a defendant in the case in the original complaint. See Doc. 1. In his amended complaint, Plaintiff added Due Blades as a defendant, after which Due Blades filed an answer to the complaint and a cross-claim against Lowe's. See Docs. 14, 22. In the cross-claim, Due Blades asserts that, if any of the allegations are found to be true, then Lowe's is liable either solely to Plaintiff, jointly and severally with Due Blades, or over to Due Blades by way of contribution and/or indemnity. See Doc. 22 at 10-11 (Cross-Claim).

On February 25, 2011, Lowe's filed a motion for summary judgment, arguing that it is not the manufacturer or seller of the vacuum, and cannot be held liable for injuries to the employee of an independent contractor. See Doc. 52. As previously mentioned, Due

Blades has not responded to the motion, and counsel for Due Blades represented during a telephone conference that it would not be filing any opposition.

## II. LEGAL STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

The moving party has the initial burden of demonstrating that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). After the moving party has met its initial burden, the adverse party must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). "Speculation, conclusory allegations, and mere denials are insufficient to raise genuine issues of material fact." Boykins v. Lucent Techs., Inc., 78 F.Supp.2d 402, 408 (E.D. Pa. 2000). The evidence presented must be viewed in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255; Lang v. New York Life Ins. Co., 721 F.2d 118, 119 (3d Cir. 1983).

## III. DISCUSSION

### A. Products Liability and Breach of Warranty

Pennsylvania has adopted the Restatement (Second) of Torts Section 402A, which imposes liability on any seller of a defective product which is unreasonably dangerous. See Webb v. Zurn, 220 A.2d 853 (Pa. 1966).[2] The term "seller" includes "all suppliers of a defective product in the chain of distribution, whether retailers, partmakers, assemblers, owners, sellers, lessors or any other relevant category." Malloy v. Doty Conveyor, 820 F.Supp. 217, 220 (E.D.Pa. 1993) (quoting Burch v. Sears, Roebuck & Co., 467 A.2d 615, 621 (Pa. Super. 1983)); see also Rotshteyn v. Klos Constr., Inc., No. 02-6591, 2004 WL 1125939, at *2 (E.D. Pa. May 20, 2004) (strict liability covers manufacturers, sellers and distributers, but does not extend to installers). Lowe's argues that it cannot be held liable because it did not "manufacturer, design, sell or distribute the product or any parts of the product." Doc. 52 at 8. The evidence supports this argument and there is nothing to refute it.

According to the Plaintiff, his employer at the time, Perfect Polish, supplied the vacuum to the workers. See Davis Dep. at 18, 23. In fact, Plaintiff testified that,

---

[2]The Third Circuit has predicted that the Pennsylvania Supreme Court will adopt the Restatement (Third) of Torts, which abandons the negligence versus strict liability distinction. See Covell v. Bell Sports, Inc., __ F.3d __, 2011 WL 2690396, at *3 (3d Cir. Jul. 12, 2011). The Restatement (Third), like the Restatement (Second), imposes liability on any seller or manufacturer of a defective product. Adoption of the Restatement (Third) will not affect consideration of this motion.

although the workers purchased utility knives and gloves from Lowe's, Lowe's did not supply any of the equipment or materials used by the work crew. Id. at 23-24. The contract between Lowe's and Perfect Polish also states that Perfect Polish will supply all equipment and tools necessary for the job. See Doc. 52-5 ¶ 4. David Sorrentino, the manager of the Langhorne Lowe's, confirmed at his deposition that Perfect Polish brought the vacuum, and that Lowe's does not have any vacuums of that sort on site. See Doc. 52-6 at 9-10. Because the unrefuted evidence establishes that Lowe's is not a manufacturer, supplier, or seller of the vacuum at issue, it is not subject to strict products liability under Pennsylvania law.

Similarly, any claim arising from a breach of warranty must fail. The laws of breach of warranty, whether express or implied, apply only to sellers. See Rotshteyn, 2004 WL 1125939, at *3 n.3 (breach of warranty claim applies only to seller) (quoting 13 Pa. C.S. § 2318).

### B. Duty to Employee of Independent Contractor

Lowe's also argues that it cannot be held liable for the injuries to the employee of an independent contractor.

> Pennsylvania law imposes no general duty on property owners
> to prepare and maintain a safe building for the benefit of a
> contractor's employees who are working on that building.
> Rather, our law generally insulates property owners from
> liability for the negligence of independent contractors and
> places responsibility for the protection of the contractor's
> employees on the contractor and the employees themselves.

Warnick v. Home Depot, U.S.A., Inc., 516 F. Supp.2d 459, 466 (E.D. Pa. 2007) (quoting Gutteridge v. A.P. Green Serv. Inc., 804 A.2d 643, 656 (Pa. Super. 2002)). Here, there is no question that Plaintiff was an employee of Perfect Polish at the time of the accident, see Davis Dep. at 9, 17-19, and that Perfect Polish was an independent contractor hired by Lowe's. See Doc. 52-5 (Retail Facility Mgt. Agreement).

There are, however, two exceptions to the general rule that a hiring party is not liable for the injuries of an independent contractor's employees. The first is the retained control exception.

> In order for the [retained control exception] to apply, the employer must have retained at least some degree of control over the manner in which the work is done. It is not enough that he has merely a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations. Such a general right is usually reserved to employers, but it does not mean that the contractor is controlled as to his methods of work, or as to operative detail. There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way.

Warnick, 516 F. Supp.2d at 467 (citing Restatement (Second) of Torts § 414, cmt. c).

Pennsylvania courts have construed this exception very narrowly, finding that frequent visits to the job site by the owner, see Hader v. Coplay Cement Mfg. Co., 189 A.2d 271, 278 (Pa. 1963), the hiring of a site manager by the owner, see Emery v. Leavesly McCollum, 725 A.2d 807, 813-14 (Pa. Super. 1999), the owner's requiring the contractors employees to watch a safety video, see Farabaugh v. Pa. Turnpike Comm'n,

6

911 A.2d 1164, 1275 (Pa. 2006), and even the owner's directing a discrete activity with respect to the work were not enough to invoke the retained control exception.  See LaChance v. Michael Baker Corp., 869 A.2d 1054, 1062 (Pa. Commw. Ct. 2005).  Applying these cases, the Honorable Eduardo Robreno concluded that the owner's manager instructing a contractor's employees to stop engaging in what he considered unsafe practices was not sufficient to invoke the retained control exception.  See Warnick, 516 F. Supp.2d at 469.

Lowe's argues that it did not retain control over the means and methods or operative details of Perfect Polish's work, relying on Plaintiff's testimony that the work was performed after Lowe's had closed for business each night and that he received all of his direction and instruction from his own supervisor at Perfect Polish.  See Doc. 52 at 12-13 (citing Davis Dep. at 22-23).  The only possible argument that Lowe's retained control over the contractor's work was that Plaintiff mentioned that the crew was not permitted to leave any dust on the Lowe's products.  See Davis Dep. at 26, 41.  Mr. Sorrentino testified that he expected the crew to clean up when they were finished, not leaving broken glass or saw dust on the floor.  See Doc. 52-6 at 10-11.  The contract itself required Perfect Polish to clean up at the end of each day, leaving the work area in "broom-clean condition."  See Doc. 52-5 ¶ 22.

The facts presented her are not sufficient to invoke the retained control exception.  Although the contract provided that the work area was to be cleaned at the end of the day,

Lowe's did not suggest a manner or method for this cleaning to be done. Under these circumstances, and guided by Pennsylvania caselaw in this area, I conclude that the retained control exception does not apply in this case.

The second exception to the general rule that a property owner is not liable to the employees of a contractor is the peculiar risk exception, which applies only if the work to be done involves a special or peculiar risk. Again, the Pennsylvania courts have construed this exception very narrowly. "In order for the liability concepts involving contractors to retain any meaning, especially in industries such as construction where almost every job task involves the potential for injury unless ordinary care is exercised, peculiar risk situations should be viewed narrowly, as any other exception to a general rule is usually viewed." Warnick, 516 F. Supp.2d at 469 (citing Marshall v. Se. Pa. Transp. Auth., 587 F.Supp. 258, 264 (E.D. Pa. 1984)).

In Lorah v. Luppold Roofing Co., the exception did not apply in the case of a contractor's employee who was injured when the ladder he was descending moved off the wall. 622 A.2d 1383, 1386 (Pa. Super. 1993). As Judge Robreno later explained:

> Walking down a ladder into a construction pit while carrying about twenty-five pounds of rebars was not itself a "peculiar risk"; rather, the worker's (or his employer's) failure to properly secure the ladder was what created the risk. What made the activity of increased risk was not the activity itself, which is normally of minimal risk, but the failure of the independent contractor (and/or his servants) to take adequate precautions. In other words, the activity itself must be of increased risk; the manner in which the worker engages in that activity is not relevant.

Warnick, 516 F.Supp. 2d at 470 (citing Lorah, 622 A.2d at 1386) (internal citations omitted).  Similarly, the installation of computer network cables was not particularly risky, rather the employee's and employer's failure to secure a walkway made the work risky.  Id.

Here, using a vacuum to clean up saw dust does not pose an increased or peculiar risk.  Like Lorah and Warnick, it was the manner in which the activity was being performed that allegedly caused the accident.  Therefore, the peculiar risk exception does not apply.

## III.    CONCLUSION

Although this memorandum addresses only the cross-claim by Due Blades, Lowe's liability to Due Blades can only arise if Lowe's is liable to Plaintiff.  Because Lowe's was not a seller or manufacturer of the vacuum that allegedly caused Plaintiff's injuries, it cannot be held liable for the claims sounding in products liability or breach of warranty.  In addition, the evidence establishes Lowe's owed no duty to Plaintiff as the employee of its contractor, Perfect Polish.  Lowe's is entitled to summary judgment and an appropriate order follows.